*Formatted for Electronic Distribution*                                    *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

Filed & Entered
On Docket
July 1, 2013

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

In re:

|  |  |
|---|---|
| **Christopher and Ellen Knudsen,** | **Chapter 13** |
| **Debtors.** | **Case # 08-10726** |

|  |  |
|---|---|
| **Christopher and Ellen Knudsen,** | |
| **Plaintiffs,** | **Adversary Proceeding** |
| **vs.** | **# 13-1005** |
| **Mortgage Electronic Registration Systems, Inc., Bank of America, N.A., Litton Loan Servicing, L.P., U.S. Bank, N.A. as Trustee, and Ocwen Loan Servicing, L.P.,** | |
| **Defendants.** | |

*Appearances:*      *Richard Volpe, Esq.*                 *Rebecca A. Rice, Esq.*
                    *Shectman Halperin Savage, L.L.P.*   *Cohen & Rice*
                    *Pawtucket, RI*                      *Rutland, VT*
                    *For Defendants*                     *For Plaintiffs*

## MEMORANDUM OF DECISION
### GRANTING IN PART, AND DENYING IN PART, DEFENDANTS' MOTION TO DISMISS

Christopher and Ellen Knudsen (the "Plaintiffs") commenced this adversary proceeding by filing a complaint challenging the validity of a proof of claim ("POC") filed in their bankruptcy case. Mortgage Electronic Registration Systems ("MERS"), Inc., Bank of America, N.A. ("BOA"), Litton Loan Servicing, L.P. ("Litton"), U.S. Bank, N.A. as Trustee ("USB"), and Ocwen Loan Servicing, L.P. ("Ocwen") (collectively, the "Defendants") moved to dismiss the proceeding. For the reasons set forth below, the Court finds that the Plaintiffs' complaint sufficiently states only one claim upon which relief may be granted. Accordingly, the Court grants the Defendants' motion to dismiss Count Two of the Complaint, denies the motion with respect to Count One and denies dismissal of all claims against MERS.

### JURISDICTION

This Court has jurisdiction over these contested matters pursuant to 28 U.S.C. §§ 157 and 1334, and declares them to be core proceedings under 28 U.S.C. § 157(b)(2)(B) and (K), on which it has authority to enter final judgment.

Procedural History

The Plaintiffs initiated this Chapter 13 case on August 8, 2008.  On September 17, 2008, Litton filed a POC on behalf of LaSalle Bank, N.A., alleging that the Plaintiffs were indebted in the amount of $265,832.86, and that the debt was secured by a mortgage on real property located in Manchester, Vermont.  On April 1, 2013, the Plaintiffs filed the instant adversary proceeding, primarily seeking an order disallowing the claim and invalidating the mortgage (doc. # 1) (the "Complaint").  In lieu of an answer, the Defendants moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6), alleging that the Plaintiffs had failed to state any claim upon which relief could be granted (doc. # 8) (the "Motion").  The Plaintiffs responded that the Court should deny the Motion, as their claims had been sufficiently pled and showed that they were entitled to relief (doc. # 9) (the "Response").  The Defendants did not file a reply in support of their Motion.  Accordingly, the matter was fully submitted, and the Court took the matter under advisement.

Discussion

In deciding a Rule 12(b)(6)[1] motion, this Court liberally construes the complaint, accepts all factual allegations as true, and draws all reasonable inferences in favor of the plaintiff.  See Gibbons v. Malone, 703 F.3d 595, 599 (2d Cir. 2013).  To survive a Rule 12(b)(6) motion, however, a complaint must still include "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  While detailed allegations are not necessary, factual assertions must raise the right to relief above a speculative level.  Id. at 555.  In other words, the complaint must allege more than a possibility that the plaintiff is entitled to relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. (quotations omitted).

**Count One**

Count One of the Complaint alleges that the POC "contains no promissory note," the "loan was originally in favor of Flexpoint Funding Corporation," and neither BOA, USB, Ocwen or Litton had "shown that it [wa]s the owner or holder of the Note" (doc. # 1, ¶¶ 20-22).  The Motion acknowledges that the Plaintiffs allege the Defendants "have failed to prove they are the owner or holder of the Note," but asserts that the Plaintiffs have failed to allege any facts that support this assertion (doc. # 8 at 3).  Further, the Defendants allege, the Trust has been the owner of the Plaintiffs' loan since 2007 (doc. # 8 at 3-4).  The Plaintiffs respond that they stated a claim to relief because: (1) to have standing to file the POC, a claimant must have possession of the note on the date that debtors file their petition; and (2) the

---

[1]  Rule 12(b)(6) is made applicable to this adversary proceeding by Fed. R. Bankr. P. 7012(b).

supporting documentation filed with the POC listed a non-party, Flexpoint Funding Corporation, as the holder/owner of the loan (doc. # 9 at 1-2).

A claimant bears the initial burden of alleging facts sufficient to support a POC. In re Smith, No. 12-10142, 2013 WL 665991 at *6 -7 (Bankr. D. Vt., Feb. 22, 2013). To demonstrate standing to file a POC relating to a secured claim in real property, a claimant must show that it held the note on the day that the debtors filed their petition. In re Parker, 445 B.R. 301, 306 (Bankr. D. Vt. 2011); see also U.S. Bank Nat'l Ass'n v. Kimball, 2011 VT 81,¶ 13, 190 Vt. 210, 27 A.3d 1087 (Vt. 2011) (holding that, to enforce a note, a claimant must show that it was the holder of the note at the time it filed a complaint seeking relief). An entity may be the holder of a note if it is in possession of a note made payable to it or endorsed in blank. 9A V.S.A. §§ 3-201, 3-205.

The Court finds that the Complaint states a potential right to relief. Although the POC filed in the Plaintiffs' bankruptcy case alleged that the Plaintiffs were indebted on a loan secured by a mortgage, it did not allege that Litton or any of the other named defendants held the note relating to the Plaintiffs' residence. Further, the supporting documentation for the POC consists solely of the mortgage.[2] Thus, Litton did not satisfy its burden of establishing that it had the right to enforce the note at the relevant time. See Parker, 445 B.R. at 306. The Defendants' assertion − that the Plaintiffs have failed to sufficiently allege facts supporting their first claim − misses the point that the Defendants bore the initial burden of establishing standing to file their POC. Thus, the Plaintiffs' factual allegations that the Defendants had failed to do so sufficiently states a valid right to relief. Therefore, the Defendants' Motion is denied with respect to the first count in the Complaint.

### Count Two

The Complaint also alleges, as a separate count, that the amounts claimed in the POC are incorrect (doc. # 1, ¶ 24). However, the Complaint offers no factual assertions to support this conclusory claim. To defeat that claim, the Motion points out that the Plaintiffs have provided no indication of what figures in the claim are incorrect (doc. # 8 at 4). In response, the Plaintiffs note that the Defendants' figures do not make sense and are inconsistent, because the interest due from last payment is allegedly $26,053.54, and the arrearage on payments is listed as $25,992.67 (doc. # 9 at 3).

The Court finds that the Plaintiffs have failed to sufficiently allege facts supporting a claim that the amounts owed under the loan are incorrect. Their Complaint contains absolutely no factual allegations.

---

[2] Because the Defendants' POC is attached as an exhibit to the Complaint, the Court may properly consider it in ruling on the Motion. See, e.g., Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998).

Further, even assuming that the assertions in their Response did sufficiently plead such a claim, the Plaintiffs may not amend their Complaint through arguments made in rebuttal to the Defendants' Motion. See Wright v. Ernst & Young LLP, 152 F.3d 169, 178 (2d Cir. 1998). Thus, the Plaintiffs' second claim is dismissed. However, the Court is not convinced that the Plaintiffs could not allege facts that would support such a claim. Accordingly, Count Two is dismissed without prejudice to the Plaintiffs' right to file an amended complaint.[3] See Cortec Industries, Inc. v. Sum Holding, L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead.").

### MERS as a Defendant

Finally, the Defendants note that the Plaintiffs named MERS as a defendant, but that no allegations in the Complaint are actually directed against MERS. Thus, they assert, MERS should be dismissed as a party defendant (doc. # 8 at 4). The Plaintiffs do not respond to this assertion. The Court notes, however, that the Complaint sought alternative relief in the form of declaring the identity of the holder of the note and mortgage (doc. # 1 at 3). Further, the Court observes that the mortgage attached to the POC states that MERS is both: "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns," and also the mortgagee under this [mortgage]." Since the Court has not yet made a determination of MERS's status in this case and the Complaint seeks alternative relief, MERS's continued presence as a defendant in this case is appropriate. Therefore the Defendants' request for dismissal is denied.

### CONCLUSION

For the reasons set forth above, the Court finds that the Plaintiffs have adequately pled Count One of their Complaint, relating to the Defendants' standing to file a POC. Therefore, the Motion is denied as to that claim. However, the Plaintiffs' have failed, in Count Two, to plead facts sufficient to establish that the amounts Defendants claim due are incorrect. Accordingly, Count Two of the Plaintiffs' Complaint is dismissed without prejudice to the Plaintiffs' right to amend the Complaint to include sufficient factual allegations to support the claim.

This memorandum constitutes the Court's findings of fact and conclusions of law.

July 1, 2013                                      Colleen A. Brown
Burlington, Vermont                              United States Bankruptcy Judge

---

[3] A claim challenging the amount due is only necessary if one of the Defendants establishes they have the right to file a POC. Thus, the Plaintiff need not amend the Complaint unless and until the Court makes that determination.