*Formatted for Electronic Distribution* *Not for Publication*

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF VERMONT

Filed & Entered
On Docket
September 30, 2014

_____

**In re:**

    **Christopher and Ellen Knudsen,**      Chapter 13
              **Debtors.**      Case # 08-10726
_____

**Christopher and Ellen Knudsen,**
         **Plaintiffs,**      Adversary Proceeding
    vs.      # 13-1005
**Mortgage Electronic Registration Systems,**
**Inc., Bank of America, N.A.,**
**Litton Loan Servicing, L.P.,**
**U.S. Bank, N.A. as Trustee,**
**and Ocwen Loan Servicing, L.P.,**
         **Defendants.**
_____

*Appearances:*    *Matthew Schectman, Esq.*      *Rebecca A. Rice, Esq.*
                        *Schectman Halperin Savage, L.L.P.*    *Cohen & Rice*
                        *Pawtucket, RI*                      *Rutland, VT*
                        *For Defendants*                 *For Plaintiffs*

## MEMORANDUM OF DECISION
### DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

      Christopher and Ellen Knudsen (the "Plaintiffs") commenced this adversary proceeding by filing a complaint challenging the validity of a proof of claim ("POC") filed in their bankruptcy case. Mortgage Electronic Registration Systems ("MERS"), Inc., Litton Loan Servicing, L.P. ("Litton"), Ocwen Loan Servicing, L.P. ("Ocwen"), and U.S. Bank, N.A. ("USB"),[1] as Trustee for Residential Asset Mortgage Products, Inc., Mortgage Asset-backed Pass-Through Certificates, Series 2007-RP3 (the "Trust")[2] moved to dismiss the proceeding. The Court granted the Defendants' motion to dismiss as to Count Two of the Complaint, but denied the motion with respect to Count One, and denied dismissal of all claims against

___

[1] Collectively, the Court refers to MERS, Litton, Ocwen, and USB as the "Defendants."
[2] USB is the successor in interest to Bank of America, N.A. ("BOA"), as Trustee, which was the successor by merger with LaSalle Bank, N.A. ("LaSalle"), which was the original Trustee.

1

MERS. The Defendants have now moved for summary judgment, asserting no material facts are in dispute and they are entitled to relief as a matter of law. For the reasons set forth below, the Court finds that the Defendants have failed to meet their burden of proving an absence of a genuine dispute of material facts. Accordingly, the Court denies summary judgment.

## JURISDICTION

This Court has jurisdiction over these contested matters pursuant to 28 U.S.C. §§ 157 and 1334, and declares them to be core proceedings under 28 U.S.C. § 157(b)(2)(B) and (K), on which it has authority to enter final judgment.

## PROCEDURAL HISTORY

The Plaintiffs initiated this Chapter 13 case on August 8, 2008. On September 17, 2008, Litton filed a POC on behalf of LaSalle, alleging that the Plaintiffs were indebted in the amount of $265,832.86, and that the debt was secured by a mortgage on real property located in Manchester, Vermont. On April 1, 2013, the Plaintiffs filed the instant adversary proceeding, primarily seeking an order disallowing the claim and invalidating the mortgage (doc. # 1) (the "Complaint"). In lieu of an answer, the Defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), alleging that the Plaintiffs had failed to state any claim upon which relief could be granted (doc. # 8). The Plaintiffs responded that the Court should deny the Motion, as their claims had been sufficiently pled and showed that they were entitled to relief (doc. # 9).

The Court (1) denied dismissal of MERS as a defendant, (2) denied dismissal as to Count One, which challenged the Defendants' standing to file a POC, and (3) granted dismissal as to Count Two of the Complaint, which cursorily alleged that the amounts claimed in the POC were incorrect, but provided no factual assertions to support such an allegation. Nevertheless, as the Court was not convinced that the Plaintiffs could not allege facts supporting such a claim, it dismissed Count Two without prejudice to the Plaintiffs' right to file an amended complaint. See Cortec Industries, Inc. v. Sum Holding, L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead."). In so ruling, the Court pointed out that a claim challenging the amount due was only necessary if one of the Defendants established that they had the right to file a POC. Accordingly, the Court directed that the Plaintiffs need not amend the Complaint unless and until the Court made such a determination.

On July 16, 2014, the Defendants filed a motion for summary judgment without the required statement of undisputed material facts[3] (doc. # 40) (the "Motion"). The Defendants attached to the

---

[3] Within their Motion, the Defendants included a section delineated as simply "Facts." This is insufficient. Vt. LBR 7056-1(a)(1) provides that failure to file a <u>separate</u> statement of <u>undisputed</u> facts is sufficient grounds for denying a motion for summary judgment.

2

Motion: (1) a statement from an Ocwen employee (the "Declaration"), asserting that (a) Ocwen is the current servicer for the Trust, and (b) Wells Fargo, as custodian for the Trust, has been in possession of the note since September 21, 2006; (2) a copy of the pooling and service agreement ("PSA") for the Trust; (3) a copy of the note with an allonge; and (4) a purported copy of the PSA's mortgage loan schedule ("MLS") with respect to the Plaintiffs' loan. In the Motion, the Defendants argue that they are entitled to summary judgment because Wells Fargo, as custodian for the Trust, has had possession of the note indorsed in blank since September 21, 2006 – before the Plaintiffs filed their petition. Moreover, the Defendants contend, the Plaintiffs are not entitled to invalidate the mortgage because even if the POC was stricken, their lien would pass through the bankruptcy unaffected, and the Defendants could pursue their rights under state law once the bankruptcy case was concluded.

The Plaintiffs responded to the Motion on August 15, 2014, more than one week past the filing deadline (doc. # 42) (the "Objection"). The Objection observes that the POC did not contain a copy of the note. The Objection then argues that there exists a genuine issue of material fact as to when the note was transferred since the indorsements are undated. Further, the Objection points out that although the Declaration states that Wells Fargo, as custodian for the Trust, was in possession of the note as of September 21, 2006, this is called into question by the fact that the Trust was not formed until April 1, 2007. Moreover, the allonge attached to the note contained additional endorsements to the ones (1) filed with Litton's foreclosure complaint against the Plaintiffs in February 2008, and (2) sent to the Plaintiffs in response to their qualified written request ("QWR") in October 2010 (see doc. # 42-3 at 8). Additionally, the Plaintiffs assert, in response to their QWR, Litton responded that the original note was in the possession of GMAC/RFC Special Servicing as of November 2, 2010 (see doc. # 42-3 at 1). Finally, the Plaintiffs argue, the note is not indorsed in blank as stated by the Defendants, but rather is indorsed specifically to LaSalle. The Plaintiffs attached to the Objection a copy of the foreclosure complaint and the response to their QWR.

On August 21, 2014, the Defendants moved to strike the Plaintiffs' Objection because it was not timely filed, citing Vt. LBR 7056-1(a)(2), which provides that any written opposition to a summary judgment motion must be filed no more than 21 days after the motion is served. Although the Objection was untimely, the Court denied the request to strike on August 26, 2014, pointing out that the Defendants had also failed to comply with the Court's Local Rules. Further, the Court found the delay of nine days insufficient to justify striking the response, particularly since the Defendants had failed to allege any prejudice and the Second Circuit has been clear in its preference that courts resolve matters on the merits whenever possible. Additionally, the Court allowed the Defendants an opportunity to file a reply.

3

On September 5, 2014, the Defendants filed a separate statement of undisputed facts, as required by the Local Rules (doc. # 51) ("SUMF"). Also on that date, the Defendants replied to the Objection, maintaining that they were entitled to summary judgment (doc. # 52) (the "Reply"). Therein, the Defendants argue the Plaintiffs' assertions are unsupported by any sworn testimony or other admissible evidence. Further, the Defendants state that servicing of the note was transferred from Litton to Ocwen, and Ocwen thereafter permissibly filed an amended POC which includes a copy of the indorsed note and the Declaration, which shows that they have standing to file a POC. Moreover, the Defendants assert - without citation to authority - that Litton's statements in response to the Plaintiffs' QWR cannot be imputed to them. Finally, the Defendants reiterate their prior argument that even if the POC was stricken, their lien would pass through the bankruptcy unaffected, and the Defendants could pursue their rights under state law once the bankruptcy case was concluded. Following the filing of the Reply, the Court took the matter under advisement.

## DISCUSSION

Summary judgment is proper if the record shows no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. See Fed.R.Civ.P. 56; Fed.R.Bankr.P. 7056; see also Bronx Household of Faith v. Bd. of Educ. of the City of New York, 492 F.3d 89, 96 (2d Cir. 2007). The moving party bears the burden of showing there is no genuine issue of material fact. See Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Celotex Corp. v. Catrett, 477 U.S. 317 (1986). In making its determination, the court's sole function is to determine whether there is any material dispute of fact that requires a trial. Anderson, 477 U.S. at 249; see also Palmieri v. Lynch, 392 F.3d 73, 82 (2d Cir. 2004). In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities, and draw all inferences, against the moving party. See Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of New Jersey, Inc., 448 F.3d 573, 579 (2d Cir 2006).

A claimant may demonstrate standing to file a POC relating to a secured claim in real property by establishing that it held the note on the day that the debtors filed their petition. In re Parker, 445 B.R. 301, 306 (Bankr. D. Vt. 2011); 9A V.S.A. § 3-301; see also U.S. Bank Nat'l Ass'n v. Kimball, 2011 VT 81,¶ 13, 190 Vt. 210, 27 A.3d 1087 (Vt. 2011) (holding that, to enforce a note, a claimant must show that it was the holder of the note at the time that the complaint was filed). An entity may be the holder of a note if it is in possession of a note payable to "bearer" – i.e. a note indorsed in blank. 9A V.S.A. §§ 3-201, 3-

4

205(b). If, however, a note is specially indorsed – i.e. payable to a specific entity – it is generally only enforceable by that specifically named entity. 9A V.S.A. §§ 3-201(b), 3-205(a). A creditor may supplement the record to establish standing after having filed a proof of claim. Miller v. Bank of America, N.A., et al., 2014 Bankr. LEXIS 2733 at *11 (Bankr. D. Vt., June 22, 2014)

Initially, the Court addresses the Defendants' cursory statement that the Plaintiffs have filed inadmissible evidence that is not imputable to them. Preliminarily, the Court finds that the Defendants' argument is so insufficiently articulated that it need not be addressed. However, in the interest of thoroughness, it will address it. As this Court recently observed in In re Carpenter, No. 13-1011, 2014 WL 2708291 at *5 (Bankr. D. Vt., June 13, 2014),

> Federal Rule of Civil Procedure 56(c)(2), as amended in 2010, provides that a party may object that material cited to support a fact cannot be presented in a form that would be admissible in evidence. "[The] Rule simply provides that the evidence must be capable of presentation in admissible form at the time of trial; it does not require that the materials be presented in an admissible form on summary judgment." Gordon v. Kaleida Health, 2014 U.S. Dist. LEXIS 41417, *36 (W.D.N.Y. Mar. 24, 2014).

Likewise here, the Defendants' argument that the evidence is not currently admissible is unavailing. Additionally, the Court would not "impute" the Plaintiffs' QWR response evidence to the Defendants. However, such evidence, if admissible, would be competent proof contradicting the Defendants' assertion of possession of the note on the relevant date. In any event, the Court need not consider this, or any potentially non-admissible evidence, to find that the Defendants have failed to meet their burden of proving possession of the note on the relevant date.

As for the state court foreclosure complaint, the Court finds that it may take judicial notice of matters of public record, see United States v. Wood, 925 F.2d 1580 (7th Cir. 1991), including notice of other state court pleadings, see In re Phillips, 593 F.2d 356, 357 (8th Cir. 1979). The Court finds that this evidence, coupled with the Defendants' own lack of conclusive evidence, is insufficient to find that there are no disputed issues of genuine material fact.

In the Motion, the Defendants argue that they are entitled to summary judgment because Wells Fargo, as custodian for the Trust, has had possession of the note indorsed in blank since September 21, 2006 – before the Plaintiffs filed their petition. The facts section of the Motion, however, and the subsequently filed SUMF, merely state that the note was last indorsed from Residential Funding Company, LLC, to LaSalle, and the note was "transferred" to the Trust on May 9, 2007 (doc. # 40 at 2-3, doc. # 51 at 2). The allonge attached to the Motion contains undated indorsements (1) from the original lender, Flexpoint Funding Corporation, to WMC Mortgage Corporation, (2) from WMC Mortgage Corporation to Residential Funding Company, LLC, and (3) from Residential Funding Company, LLC to

5

LaSalle. However, the allonge filed with the state court foreclosure complaint by the then servicer in 2008 contains no indorsements other than the original in favor of WMC Mortgage Corporation. Further, the state court foreclosure alleges that LaSalle did not obtain possession of the note until September 4, 2007, after it had already transferred the note to the Trust according to the Defendants (doc. # 42-1 at 4). Additionally, by the Defendants' own assertions, their agent had possession of the note in September 2006, well before the loan was even transferred to the Trust. Further, the Defendants have provided no explanation as to why the Trust's agent would have had possession of the note so long before the right to enforce it was "transferred" to the Trust. The Court also observes that the PSA states the Trust is comprised of mortgage loans sold to the Trust by Residential Asset Mortgage Products, Inc. as the depositor (doc. # 40-2 at 7). LaSalle is indicated solely as the Trustee (id.). This evidence further contradicts the Defendants' assertion that the note was transferred to the Trust as alleged. Taken together, all of the competing evidence calls into question the accuracy of the Defendants' assertion of possession of the note on the date the Plaintiffs filed their petition.

Additionally, as the Plaintiffs accurately point out, the note is not indorsed in blank. Rather, it is made specifically payable to LaSalle. And, the Defendants have failed to present any argument with respect to their right to enforce the note as a non-holder. Since LaSalle is the last named entity with the arguable right to enforce the note, and the Defendants have failed to sufficiently prove that it effectively transferred that right to the Trust, the Court finds that the Defendants have failed to conclusively show that it held the note as of the Plaintiffs' petition date. This is a material fact and is in dispute on the present record. Therefore, summary judgment is not available.

## CONCLUSION

For the reasons set forth above, the Court finds that the Defendants have failed to meet their burden of proving there are no material facts in dispute and they are entitled to summary judgment. Therefore, the Motion is denied.

This memorandum constitutes the Court's findings of fact and conclusions of law.

September 30, 2014  
Burlington, Vermont

Colleen A. Brown  
United States Bankruptcy Judge